UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENVIRONMENTAL LAW AND POLICY CENTER, ) ) ) | |
| Plaintiff, ) | Case No. 11-cv-2521 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| SYNGENTA CROP PROTECTION, LLC, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Environmental Law and Policy Center's ("ELPC's") Motion to Quash the subpoena issued to them by Syngenta Crop Protection, LLC ("Syngenta"). ELPC is a Midwest-based, not-for-profit, public-interest organization, working to improve environmental quality and public health, protect natural resources, and enhance the quality of life for people in Illinois and the region. (Mem. in Supp. of ELPC's Mot. to Quash Subpoena.) On March 31, 2011, ELPC filed a Motion to Intervene in *City of Greenville v. Syngenta Crop Protection, Inc.*, Case No. 10-cv-188-JPG-PMF ("*Greenville*"), which is currently pending in the United States District Court for the Southern District of Illinois. ELPC wants to intervene in that action for the limited purpose of moving to unseal court records and to vacate a previously issued protective order. (Def.'s Br. in Opp'n to Mot. to Quash Subpoena.) On April 4, 2011 – after moving to intervene and before the court ruled on the motion to

intervene – ELPC filed a Motion to Vacate the Protective Order and Unseal Documents in the Judicial Record. *Id.*

On April 7, 2011, Syngenta served ELPC with a subpoena. *Id.* Syngenta seeks to depose ELPC on three topics: (1) ELPC's decision to intervene in *Greenville*, (2) communications between any ELPC members and non-ELPC members regarding *Greenville*, and (3) other cases where ELPC sought to intervene for the purpose of unsealing documents. (Mem. in Supp. of ELPC's Mot. to Quash Subpoena.) Syngenta also requested documents on those same topics. Syngenta argues that a subpoena is required in order to determine the accuracy of facts that ELPC asserted in support of its pending Motion to Intervene. (Def.'s Br. in Opp'n to Mot. to Quash Subpoena.) Syngenta further argues that the subpoena is necessary to determine whether ELPC was truly seeking to intervene because of their stated concerns about the effects of atrazine – an herbicide Syngenta allegedly produced and sold – on public drinking water. *Id.* Syngenta asserts that ELPC is seeking to intervene because it is colluding with Plaintiffs in order to disclose Syngenta's confidential business information to the public. *Id.*

Although the underlying litigation is pending in the Southern District of Illinois, ELPC, who is not yet a party in that litigation, resides in this district. Accordingly, Syngenta's subpoena issued from this district, and ELPC filed its Motion to Quash the Subpoena in this district. ELPC's Motion to Quash is the only issue presently before the Court. For the following reasons, ELPC's Motion is granted.

## LEGAL STANDARD

A motion to quash a subpoena must be filed and decided in the court from which the subpoena issued. Fed. R. Civ. P. 45(c)(3)(A). A court must quash or modify a subpoena if it requires disclosure of privileged information, subjects someone to undue burden, does not allow a reasonable amount of time to comply, or requires a non-party to travel more than 100 miles (with some exceptions). *Id.* Additionally, a district court may limit any discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). If the information sought would not "assist[] in the exploration of a material issue" in the case, then a subpoena should be quashed. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1254 (7th Cir. 1995). As with other discovery issues, whether to grant a motion to quash is within the sound discretion of the district court. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

## ANALYSIS

As explained above, Syngenta is seeking to depose ELPC in order to determine the accuracy of facts that ELPC asserted in support of its pending Motion to Intervene and to determine ELPC's motives in trying to intervene. (Def.'s Br. in Opp'n to Mot. to Quash Subpoena.) By its own admission, Syngenta's goal is to obtain information related to the Motion to Intervene so that it can properly respond to that motion. *Id.*

3

On the same day ELPC filed the Motion to Quash with this Court, Syngenta filed a Motion for Extension of Time to Respond to the Motion for Leave to Intervene Filed by Environmental Law and Policy Center and Prairie Rivers Network in the underlying litigation. *Greenville*, at Dkt. No. 169. On April 19, 2011, Judge Gilbert denied Syngenta's Motion for Extension of Time to Respond to the Motion to Intervene. *Id.*, at Dkt. No. 171. That same day, Judge Gilbert entered an Order to Show Cause, asking the defendants to show cause why the court should not unseal every document in this case that has been filed under seal. *Id.*, at Dkt. No. 170. The Motion to Intervene has been fully briefed as of April 28, 2011, when ELPC filed its reply brief; and it is currently awaiting a ruling by Judge Gilbert. *Id.*, at Dkt. No. 173. Given Syngenta's assertion that the purpose of the subpoena is to "test the veracity of the facts asserted in the declaration in support of the motion to intervene," the need for the subpoena is no longer apparent. Judge Gilbert expressly declined to delay briefing on that issue, and the opportunity for Syngenta to use any information it could obtain from ELPC has passed. ELPC would be unduly burdened by having to submit to a deposition at this point in time.

Moreover, Judge Gilbert's Order to Show Cause indicates that the issue of whether court documents in the pending case should be unsealed is being addressed independently of ELPC's proposed intervention, making the subpoena unnecessary for that reason, as well. On the court's own motion, Syngenta was ordered to explain why each document it filed in the underlying litigation should remain under seal. *Greenville*, at Dkt. No. 170. Syngenta filed its response to the Order on May 13, 2011, to which Plaintiffs replied on May 20, 2011. *Greenville*, at Dkt. No. 182, 183. Thus, the issue of

unsealing the documents will be addressed with or without ELPC's involvement, making Syngenta's subpoena of ELPC at this stage unnecessary and burdensome.

Additionally, Syngenta's argument that the subpoena is necessary to ascertain ELPC's motives in seeking to intervene is unpersuasive. Syngenta asserts that information is required in order to "determine whether ELPC's motives are truly related to concerns about atrazine or are the result of collusion with Plaintiff's counsel to increase pressure on Syngenta in the pending lawsuit by attempting to disclose Syngenta's confidential information to the public." (Def.'s Br. in Opp'n to Mot. to Quash Subpoena.) Syngenta's proposed discovery of ELPC's motives for intervening is not relevant to the standard for intervention under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 24(b). Specifically, a court may allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Syngenta does not provide any authority to support its assertion that motives matter and should be explored. Although the Seventh Circuit recognizes that if there is clear evidence of extortion as a motive, namely intervening in order to get paid to go away, then that may be a reason to not allow intervention; but there is no such evidence presented by Syngenta in the present case. *See Vollmer v. Selden*, 350 F.3d 656 (7th Cir. 2003). Rather, ELPC has demonstrated a proper interest in the underlying *Greenville* litigation. As an organization concerned with environmental quality and public health, ELPC represents that it is concerned about the potential health effects of atrazine on the people and wildlife in Illinois. (Def.'s Br in. Opp'n to Mot. to Quash Subpoena.)

The 7th Circuit recognizes that third parties can appropriately seek to intervene in order to challenge closure orders and ask for access to sealed records, and the public has a "well-established right of access to public proceedings." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) (citing *In Re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998)). It appears then that ELPC followed proper procedure to pursue its interest in the case. Syngenta has failed to present any compelling argument that discovery on ELPC is necessary to address the issue of ELPC's proposed intervention, and ELPC would be unduly burdened if forced to submit to a deposition and to produce documents before being made a party to the underlying litigation.

## CONCLUSION

For the reasons discussed above, ELPC's Motion to Quash is granted.

Date: 7-13-11

JOHN W. DARRAH
United States District Court Judge